Wright, J.,
delivered the opinion of the court:
If the grounds of the action be, as contended, for enticing away the plaintiff’s wife, it is misconceived. It should have been case, not trespass. If the injury complained of be upon the person of the wife, she should be joined with him in the suit. If the wife has, through persuasion or fraud, become the instrument of the defendant, in any direct injury upon, the plaintiff’s person or his property, trespass may lie, but there is no evidanee applicable to-such a state of things. The proof is, that the wife voluntarily left her husband because he had brutalized himself. She sought shelter under the roof of her father, and he has received her, and given her the protection and support refused by the husband; a protection dictated alike by the best feelings of the heart, the natural affection, and the common sense of the world. Does such an act make the father a trespasser? We think the law affords no countenance to a position so shocking to humanity and pro *487 priety. Does not the law permit a father to receive his own child into the bosom of his family, and to afford her needful shelter, food, and clothing, when she is abused and neglected by her husband? Shall he become a brute, and turn away his daughter, when cruelly driven by her husband from his doors, and left to perish, or become obnoxious to the law as a trespasser upon the property or ^conjugal rights of her husband?. In our estimation no such barbarity is required by the law of any civilized people. The law recognizes no principle so revolting to good feeling and propriety. The case in 5 Johns. 209, is exactly in point, and we cordially concur with Chief Justicement, that a “father’s house is always open to his children, and whether they be married or unmarried, it is still to them a refuge from evil and a'consolation in distress. Natural affection establishes and consecrates this asylum. The father is under even a legal obligation to maintain his children and grandchildren, if he be competent, and they unable to maintain themselves ; and, according to Lord Coke,it is ‘nature’s profession to assist, maintain, and console the' child.’ I should require, therefore, more proof to sustain the action against a father than against a stranger. It ought to appear-that he detains the wife against her will, or that he enticed her from her husband from improper motives. Bad or unworthy motives can not be presumed. They ought to be positively shown or necessarily deduced from the facts or circumstances detailed. This principle appears to me to preserve, in due dependence upon each other, and to maintain in harmony, the equally strong and sacred interest of the parent and the husband.”
The proof in this case falls short of what is requisite to sustain the action of trespass. . The plaintiff has not made a case for the jury. A nonsuit is ordered.